# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DE LOS SANTOS REYNAGA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 1:24-cv-01334-SAB<br><br>ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM AND APPOINTING JOSE DE LOS SANTOS REYNAGA AS GUARDIAN AD LITEM FOR C.D.L.S.R.<br><br>(ECF No. 3) |

Before the Court is Plaintiff Jose De Los Santos Reyanga's petition for appointment of himself as guardian ad litem for Plaintiff C.D.L.S.R., a minor. (ECF No. 3.) Plaintiffs were in an automobile collision involving Defendants. (ECF No. 1, ¶¶ 11-12, 17.) Plaintiff Santos Reyanga seeks an order appointing him, the father of Plaintiff C.D.L.S.R., as guardian ad litem for C.D.L.S.R. For the following reasons, the Court will grant the petition.

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). An individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6500. A minor may bring suit as long as a guardian conducts the proceedings and the court may appoint a guardian ad litem to protect the minor's interests in the litigation. Cal. Fam. Code § 6601; Cal. Civ. Proc.

1  Code § 372(a); Williams v. Super. Ct., 147 Cal. App. 4th 36, 46-47 (2007).

2        The court "has broad discretion in ruling on a guardian ad litem application." Williams, 147 Cal. App. 4th at 47. In the case of parent representatives, " '[w]hen there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action,' a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." Id. at 49 (quoting M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977)). Thus, "if the parent has an actual or potential conflict of interest with his [or her] child, the parent has no right to control or influence the child's litigation." Id. at 50. If, on the other hand, "a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." J.M. v. Liberty Union High Sch. Dist., No. 16-cv-05225-LB, 2016 WL 4942999, at *1 (N.D. Cal. Sept. 16, 2016) (citing cases). " 'In the absence of a conflict of interest, the appointment is usually made on application only and involves little exercise of discretion.' " Williams, 147 Cal. App. 4th at 47 (internal ellipsis omitted) (quoting In re Marriage of Caballero, 27 Cal. App. 4th 1139, 1149 (1994)).

      Plaintiff C.D.L.S.R. is a minor and the son of Plaintiff Santos Reynaga. (ECF No. 3, Declaration of Plaintiff Jose De Los Santos Reynaga, ¶¶ 1, 2.) Plaintiff C.D.L.S.R. brings a cause of action against Defendants on which a suit could be brought in this court, pursuant to 28 U.S.C. §§ 1346(b), 2671-80. (Id. at ¶ 3.) A parent may serve as guardian ad litem if the parent does not have an adverse interest. Williams, 147 Cal. App. 4th at 47. Plaintiff Santos Reynaga's petitions to appoint himself as C.D.L.S.R's guardian ad litem (Id. at ¶ 5), and the Court finds no conflicts in their claim. See J.M., 2016 WL 4942999, at *2 ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest.").

///

///

///

Accordingly, it is HEREBY ORDERED that:

1. The petition to appoint a guardian ad litem (ECF No. 3) is GRANTED; and
2. Jose De Los Santos Reyanga is appointed as guardian ad litem for minor C.D.L.S.R.

IT IS SO ORDERED.

Dated:   **November 5, 2024**

UNITED STATES MAGISTRATE JUDGE